# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **KRYSTINA MUZIC** : | |
| 22365 Sharon Ln. : | |
| Fairview Park, Ohio 44126 : | |
| : | |
| Plaintiff, : | CASE NO. 1:20-cv-2468 |
| : | |
| v. : | JUDGE |
| : | |
| : | MAGISTRATE JUDGE |
| **ALMICO, LLC** : | |
| d/b/a Almico Properties : | |
| c/o Statutory Agent: : | |
| CJZ Service Corporation : | |
| 25201 Chagrin Blvd. Ste. 130 : | |
| Beachwood, OH 44122 : | |
| : | |
| and : | |
| : | |
| **KONSTANTINOS ALMIROUDIS** : | |
| 23547 Quail Hollow : | **Jury Demand Endorsed Herein** |
| Westlake, OH 44145 : | |
| : | |
| Defendants. : | |

## COMPLAINT

NOW COMES Plaintiff Krystina Muzic ("Plaintiff") and proffers this Complaint for damages against Defendant Almico, LLC and Defendant Konstantinos Almiroudis ("Defendants").

## THE PARTIES

1. Plaintiff is a natural person residing in Cuyahoga County, Ohio.

2. Defendant Almico, LLC is an Ohio Limited Liability Company doing business in the Northern District of Ohio.

3. Upon information and belief, Defendant Konstantinos Almiroudis owns Defendant Almico and was Plaintiff's supervisor during her employment with Defendant Almico.

4. Plaintiff was an employee of Defendant Almico as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq* and the Ohio Civil Rights Act, R.C. § 4112 at all relevant times herein.

5. Defendant Almico is an employer as defined by Title VII of the Civil Rights Act of 1964, U.S.C. § 2000e, *et seq*. and the Ohio Civil Rights Act, R.C. § 4112.

6. Defendant Konstantinos Almiroudis is an employer/supervisor as defined by the Ohio Civil Rights Act, R.C. § 4112.

## JURISDICTION AND VENUE

7. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and Ohio Laws of Discrimination. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

8. Venue is proper pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, Plaintiff performed her job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

## FACTUAL BACKGROUND

9. Plaintiff began working full time for Defendant Almico in or around February of 2018 as a Leasing Agent.

10. Defendant Almico is in the business of leasing residential and commercial properties and providing maintenance services.

11. Plaintiff was supervised by Defendant Konstantinos Almiroudis, owner of Almico, and her job duties involved working closely with Defendant Almiroudis.

12. Between June and August 2019, Defendant Almiroudis approached Plaintiff on various occasions to pursue a sexual relationship with her.

13. On or about June 16, 2019, which was Father's Day, Defendant Almiroudis asked Plaintiff to sit in his lap and call him "daddy." Defendant Almiroudis made this request of Plaintiff in front of all her colleagues, causing her serious humiliation.

14. Plaintiff informed Defendant Almiroudis that his advances were unwelcome and inappropriate.

15. Plaintiff was terrified of retaliation for refusing Defendant Almiroudis's sexual advances because she lived in Defendant Almico's apartment complex with her children.

16. Plaintiff's fear of retaliation for refusing Defendant Almiroudis's advances was not only based on her employment, but also upon her home and security.

17. On another occasion, Defendant Almiroudis asked Plaintiff if she would like to go to New York with him, where they would spend the night together in a hotel room. Defendant Almiroudis also invited Kimberly Rednour, a property manager, on this private trip. He then asked Plaintiff not to tell his wife.

18. On another occasion, Plaintiff wore jeans to work, and Defendant Almiroudis said to her, "pick your pussy off the floor." Plaintiff was humiliated because several coworkers overheard the sexist and degrading comment.

19. Defendant Almiroudis spoke frequently about his sexual and private life in front of his employees. He announced to office staff that he had been to a strip club with one of Defendant's maintenance technicians, where the two hired prostitutes and did illegal drugs.

20. Plaintiff informed him that his behavior was highly inappropriate, unprofessional, and unacceptable.

21. Plaintiff's work environment became intolerable because of Defendant's sexual harassment of her.

22. Defendant retaliated against Plaintiff and created a hostile work environment for her because she refused submit to the sexual advances of her direct manager, Defendant Almiroudis.

23. As such, Plaintiff was constructively discharged on or about August 15, 2019.

24. Plaintiff was constructively discharged because she refused to have a sexual relationship with Defendant Almiroudis, thereby retaliating against her for engaging in protected activity.

## COUNT I - TITLE VII
### Against Defendant Almico LLC Only
### Sexual Harassment: *Quid Pro Quo* Harassment, Hostile Work Environment and Termination

25. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-24 above as if fully rewritten herein.

26. Defendant Almicio LLC engaged in conduct that violates Title VII prohibiting sex discrimination by requesting sexual favors from Plaintiff, by creating and encouraging a hostile work environment for Plaintiff based on sex, and by terminating Plaintiff when she refused to continue to engage in a sexual relationship with her supervisor and the owner of Defendant Almico LLC, Defendant Almiroudis.

27. Plaintiff was subjected to unwelcomed sexual harassment in the form of sexual advances and degrading sexual commentary by her immediate supervisor, Defendant Almiroudis.

28. The harassment was based on Plaintiff's sex.

29. Plaintiff's submission to the unwelcomed advances was an express or implied condition for receiving job benefits, as she was constructively discharged as a result of the hostile work environment created and encouraged by Defendant because Plaintiff refused to submit to Defendant Almiroudis's sexual advances.

30. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions and privileges of employment.

31. Defendant Almico knew of the harassment, as it involved owner, Defendant Almiroudis, yet did not take immediate and corrective action.

32. Plaintiff's refusal to submit to Defendant Almiroudis's sexual advances resulted in her termination.

33. As a direct and proximate result of Defendant Almico's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including, but not limited to, loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendant Almico is liable.

34. Defendant Almico's conduct was willful, wanton, reckless, and/or malicious for which Defendant Almico is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## COUNT II - TITLE VII
### Against Defendant Almico LLC Only
### Retaliation

35. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-34 above as if fully rewritten herein.

36. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

37. Defendant Almico was aware that Plaintiff engaged in a protected activity, as she rejected Defendant Almiroudis's sexual advances and refused to engage in a sexual relationship with him.

38. Once Plaintiff engaged in a protected activity, Defendant Almico intentionally retaliated against her by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, terminating her employment, and otherwise discriminating against her in the terms, privileges, and conditions of her employment.

39. As a direct and proximate cause of Defendant Almico's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to, pain and suffering and the loss of salary, benefits, and other terms, privileges, and conditions of her employment for which Defendant Almico is liable.

40. Defendant Almico's conduct was willful, wanton, reckless and/or malicious for which Defendant Almico is liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT III- Ohio Civil Rights Act
### Against All Defendants
### Sexual Harassment *Quid Pro Quo* Harassment, Hostile Work Environment and Termination

41. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-40 above as if fully rewritten herein.

42. Defendants engaged in conduct that violates R.C. 4112 prohibiting sex discrimination, by sexually harassing Plaintiff, by creating and encouraging a hostile work environment for Plaintiff, and by terminating Plaintiff for opposing Defendant Almiroudis's sexual harassment.

43. The harassment of Plaintiff by Defendant Almiroudis was unwelcome, which was indicated by Plaintiff.

44. The harassment was based on Plaintiff's sex.

45. The harassing conduct was sufficiently severe or pervasive to affect the terms, conditions and privileges of employment.

46. Defendants knew or should have known of the harassment, yet did not take immediate and corrective action.

47. As a result of the hostile environment described herein and because she opposed Defendant Almiroudis's sexual harassment, Plaintiff was terminated.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but

7

not limited to, serious emotional distress and the loss of salary, benefits, and other terms, privileges and conditions of employment for which Defendants are liable.

49. Defendants' conduct was willful, wanton, reckless, and/or malicious for which Defendants are liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

### COUNT IV- Ohio Civil Rights Act
#### Against All Defendants
#### Retaliation

50. Plaintiff reasserts and reincorporates each and every allegation contained in paragraphs 1-49 above as if fully rewritten herein.

51. Plaintiff engaged in a protected activity by, *inter alia*, opposing the sexual harassment and hostile work environment.

52. Defendants were aware that Plaintiff engaged in a protected activity, as Defendant Almiroudis requested sexual favors from Plaintiff, such as sitting in his lap or spending the night with him in a hotel room.

53. Once Plaintiff engaged in a protected activity, Defendants intentionally retaliated against her by refusing to remedy the situation, refusing to provide a reasonable and non-hostile work environment, by terminating her employment, and otherwise discriminating against her in the terms, privileges and conditions of her employment.

54. As a direct and proximate cause of Defendants' conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendants are liable.

55. Defendants' conduct was willful, wanton, reckless and/or malicious for which Defendants are liable for compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (0089226)
 (Rachel@TheFriedmannFirm.com)
Peter G. Friedmann (0089293)
 (Pete@TheFriedmannFirm.com)
**The Friedmann Firm LLC**
1457 South High Street
Columbus, Ohio  43207
614-610-9757 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*

Rachel Sabo Friedmann (0089226)

9